**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LAMAR WOODS,**

    **Plaintiff,**

**vs.**                                         **Case No. 4:24-cv-00081-WS-MAF**

**ASHLEE COPELAND, ET AL.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, Lamar Woods, a prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. As of the date of the drafting of this Report, Plaintiff did not pay the $402 filing fee and did not file a proper application to proceed *in forma pauperis* (IFP). This Court screened Plaintiff's complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and found it was legally insufficient. ECF No. 4. The Court construed Plaintiff's allegations liberally, Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and advised Plaintiff to amend the deficiencies and to either file a proper IPF motion or pay the filing fee. Id. Plaintiff did not do so. For the reasons stated, this case should be dismissed and the case closed.

## I. Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic

recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II. Plaintiff's Complaint, ECF No. 1.

Plaintiff sued three prison officials who are employed at Liberty Correctional Institution: Ashlee Copeland, a senior clerk; Warden Summer; and Matthew Terry, assigned to the classification office. ECF No. 1, pp. 1-3. All are sued in their individual capacities. Id. The gist of Plaintiff's complaint relates to his placement in administrative confinement. Plaintiff alleges "false imprisonment" and "retaliation" but fails to articulate specific facts which support these claims.[1]  Id., p. 8. Further, Plaintiff claims that he "can't call

---

[1] Although Plaintiff attached two Inmate Grievance reports to his complaint as exhibits, the Court will not consider these as factual allegations. Plaintiff must allege specific facts on the complaint form in the section titled "Statement of Claims." See Fed. R. Civ. P. 8; N.D. Fla. Loc. R. 5.7(A)-(B) ("A … complaint … must set out specific claims and supporting facts and may not make reference to a memorandum.").

[his] family" or send mail other than legal mail but fails to identify how this is related to his constitutional claims. As relief, Plaintiff seeks $10,000 per day spent in confinement which exceeds his 30-day-sentence.

The Court ordered Plaintiff to amend his complaint and to either file a complete IFP application or, alternatively, pay the $402 filing fee no later than **March 19, 2024**. ECF No. 4. Plaintiff did not do so.

### III. Discussion

A. Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' – one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' –

does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give

the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff does not attribute any specific acts or omissions to any defendant. Plaintiff simply does not provide sufficient facts about the alleged events. For instance, Plaintiff failed to articulate what each Defendant did (or failed to do) that gave rise to a constitutional violation. Further, Plaintiff provides no details about when the alleged events occurred. The fact that Plaintiff was held in administrative confinement, without more, fails to state any type of cognizable claim. The Court advised Plaintiff shotgun pleadings were impermissible and ordered him to amend, but he failed to comply.

B. Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of

delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999).

Ultimately, Plaintiff initiated this case on February 13, 2024, with a legally insufficient complaint and an improper IFP motion; he filed nothing since that time. ECF Nos. 1, 2. Plaintiff did not amend the complaint, did not file an IFP application, and did not pay the filing fee despite being ordered to do so. ECF No. 4. The Court warned Plaintiff that failure to comply with court orders would result in a recommendation of dismissal. Id. It appears that Plaintiff abandoned this case.

## IV.   Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** because it is a shotgun pleading; Plaintiff failed to comply with court orders, pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1; and failed to either file a proper IFP motion or pay the filing fee. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on April 2, 2024.

                            **s/ Martin A. Fitzpatrick**
                            **MARTIN A. FITZPATRICK**
                            **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).